Good morning, everyone. I want to welcome you to the Ninth Circuit for argument this morning. I want to begin by sending a welcome to our friend, Judge Reyes, who's sitting with us today from the District of Arizona. Judge Reyes, it's a pleasure to have you. Thank you. It's a pleasure to be here. Thank you for your service to the court today. I want to also acknowledge the Juneteenth holiday and thank all counsel for being present today. I also want to take the opportunity on behalf of the whole panel to thank our court staff for being here today and to our assistance in making sure the arguments could go forward today. Several cases have been submitted and we'll turn to the cases on the argument calendar. The first is Munoz v. Smith. Ms. Fraley will be pleased to hear from you. Yes, Your Honor. May it please the court. My name is Heather Fraley and I represent the appellant, Peter Munoz. I'd like to reserve two minutes for rebuttal. Lifetime supervision is a punishment. The scope of which is determined by the nature and severity of the conditions imposed. At the time of Mr. Munoz's offense in 2002, Nevada's statutes didn't list any conditions of supervision. In 2007... Ms. Fraley, can I just... I apologize for interrupting you, but wasn't there a condition that required a $30 per month fee? Your Honor, there was a cross-reference to a parole statute that did require a fee, but Your Honor, we believe it's a strain to consider that a condition of supervision because what the statute says is that the person will pay a $30 fee for the cost of supervision. But Your Honor, where there are no conditions to enforce, there's really nothing to supervise. And so, as far as conditions that place any real restraints on Mr. Munoz's freedoms and liberties, there were none in the statute at the time. And the state admits as much... Well, let me just ask you, though. Isn't a $30 fee a condition that was imposed by statute? Arguably, Your Honor, it was something that Mr. Munoz did have to do. Again, it didn't place the same kind of restraints on his liberty that the other things that we traditionally consider to be conditions would do. But technically, yes, he was required to pay the $30 fee. But again, there was nothing... Let me follow up, then. Why wouldn't that $30 fee condition be a condition that would make... And it's a lawful condition. Why wouldn't that be a condition that was imposed by statute and even under McNeil represent a condition of supervised release? Your Honor, because there was nothing for the Division of Parole and Probation to enforce. So again, the fee is for the enforcement of lifetime supervision. Well, there's the enforcement. Wouldn't the failure to pay the fee be something that they could enforce? Possibly, Your Honor, but there was nothing else for them to do. There were no other conditions for the Division of Parole and Probation to enforce upon him. And the state has... Go ahead. Finish your thought, and then I'll have a question. Go ahead, Your Honor. Please. Well, I guess what I find confusing about your argument is that at the time of the conviction and the sentence, it's not like these supervised lifetime supervision came out of nowhere. At the time of the conviction and at the time of the offense, the statute, the law in Arizona said that there will be this program of lifetime supervision. And he's subject to that, and he's today subject only to the McNeil-approved conditions. So it's hard to see, in light of what the law was at time one, it's hard to see what the vagueness or ex post facto issue is here. Right, Your Honor. So for the purposes of vagueness, it is true that Mr. Munoz was aware that he would be sentenced to lifetime supervision. But he didn't know what that meant, because the statute didn't define what the base level of conditions would be, setting aside paying a fee. He didn't know what any other conditions would be, nor did he know what the outside level of conditions might be that he was opposed to. But I don't think the law is vague. The law says there will be conditions, and we know those are conditions that will be imposed by statute. Possibly he could have argued that he himself, his Alford plea wasn't voluntary, but he's not making that argument. Your Honor, the law requires that the statute state with sufficient clarity the consequences of violating the statute. By failing to provide any conditions, the statute failed to explain with sufficient clarity what lifetime supervision meant. Right, but the consequence of your argument is that now, even though the law was clear at the time, that he would be subject to some lifetime supervision, and that he would receive, at the time of his release, a set of what those conditions were, and the argument now is that he's apparently not subject to any lifetime conditions. Your Honor, yes. Well, from an ex post facto perspective, our position is yes, as a result of no conditions being listed and McNeil, none can now be applied upon him. And for vagueness purposes, I'd like to propose an example. If a statute stated that the crime of murder is illegal, and if you commit murder, you will be sentenced to imprisonment, that wouldn't be enough to state with sufficient clarity the consequences. Even though the defendant would know he was subject to imprisonment, he wouldn't know the scope of the imprisonment he was subject to without further details. The same is true here. Mr. Munoz knew he would be subject to lifetime supervision. He had no idea what the scope of that punishment meant. He didn't know if that meant he would be prohibited from going to the post office, the movies, the arcade, not use the internet, as were the conditions that were initially imposed, or if it meant he would be subject to... Don't we read that statute in light of McNeil, which said that there are no conditions, the parole board can't impose any conditions, and any conditions have to be enacted by the legislature? Yes, Your Honor, and if we do that, then we have an ex post facto problem. Correct, but that's a separate issue, but I don't see the vagueness problem. Well, and perhaps we should move to the ex post facto violation. So to that point, we have to make two showings, that there was a retroactive application of a law, which there's no dispute here that that occurred. So the issue before this court is whether Mr. Munoz was disadvantaged. And in order to engage in that analysis, this court looks at the state of Nevada law at the time of Mr. Munoz's offense, and it has to take that at face value of what the state says the law was, and compare that to what the law is now and say, are the conditions now more onerous than they were at the time. And when we look at the statute, which didn't contain any conditions, aside from possibly this fee, and we look at McNeil, which the state concedes has to be applied to Mr. Munoz, the state could not impose any conditions possibly other than the fee. Now, the statute allows the state to impose 24-7 electronic monitoring for the rest of Mr. Munoz's life. That is a pretty onerous condition and restriction on Mr. Munoz's liberty. I mean, the statute said he would be subject to a lifetime of supervision. And he is being that that's the sentence that these that's the nature of these conditions. So I'm not sure these are filling in some of the details, and they're now details that are that satisfy McNeil. But at time one, at the time of the conviction, it's not apparent to me why what's happened to him now is any different than what one would have expected at the time he committed this offense. And Your Honor, perhaps that is true for the vagueness argument. But as the ex post facto argument, what the court looks at is not just as the sentence the same. So for example, we don't just say you were sentenced to parole or probation, you're still sentenced to parole or probation, there's no violation, right? The analysis is much more detailed than that. The court must look to what are the actual specific conditions. And this court was clear, for example, in United States versus Pascal, that the conditions of something that is part of a So it's not just that he was sentenced to supervision under ex post facto, it's what were those conditions, and federal law. So if we agreed with your ex post facto argument, what's the remedy? The remedy, Your Honor, is that he's relieved of his sentence of lifetime supervision, he will still be required to register as a sex offender. And he's already served seven years in prison. So he's been punished for this offense. It's just that because of the ex post facto violation, these conditions can't be imposed upon him. And so I see that I Yeah, I'm sorry, just to follow up. But why would that be the remedy? If only the two conditions that you're talking about are ex post facto violations where you might admit that the $30 condition was at the time of imposition? Yes, Your Honor, then the remedy would be that any other conditions aside from this fee wouldn't be able to be imposed upon him. Again, we think that charging a fee where there's nothing else to supervise is extraneous, but fair enough that at the very least, the other two conditions can't be imposed. I see that I'm running out of time. Ms. Fraley, I just got a quick question for you. Yes, sir. So if your client prevails on his challenge to on the ex post facto conditions, his relief would be the elimination of the provisions of supervision, but not the elimination of lifetime supervision. Is that true? Your Honor, we believe that the sentence of lifetime supervision is no longer valid, or the only quote-unquote condition is the payment of a fee. Well, let me interrupt you. I apologize. You've got two arguments. One is the lifetime supervision is invalid because it's vague. Yes, Your Honor. Then also your second argument is that the conditions that are imposed are a violation of the ex post facto clause. I'm only asking about the conditions argument now. Yes. And my question is if he prevails on the conditions argument, then it would not eliminate the lifetime supervision. But that alone doesn't eliminate lifetime supervision. Is that right? Again, I'm sorry. I'm not saying this clearly, Your Honor. Our position is that charging a fee for supervision where there's no conditions to enforce is a moot point. But at the very least, I agree with you, Your Honor. At the very least, he would be entitled to not having the other two conditions imposed. We'll give you some more time for rebuttal, but I just want to make sure I understand this last point. Yes, Your Honor. I think what you're saying is if you were to prevail, he would be subject to lifetime supervision as a technical matter, but there would just be no conditions imposed on him? Yes, Your Honor. Okay. We'll give you two minutes for rebuttal since we've been very active in our questioning. Thank you. Appreciate that so much. Thank you. Samuels, good morning. We'll be happy to hear from you. Good morning, Your Honors. May it please the court. My name is Katrina Samuels and I'm appearing on behalf of the respondent's appellees in this matter. Respondents ask that this court affirm the decision of the Federal District Court and hold that the petitioner is not entitled to habeas relief. The State District Court sentenced the petitioner to four to 12 years in prison and imposed the special condition of lifetime supervision. The petitioner's lifetime upon his release from prison. Now, lifetime supervision is different from parole in that when a person is on parole, once they violate the terms and conditions of the parole, they could possibly be revoked and have to serve the remaining time of their underlying sentence. Lifetime supervision is different because once there's a violation, they're not punished in terms of their underlying offense. They are punished by possibly being criminally charged for violating a new offense with a new sentence that does not affect the underlying sentence for which they had committed previously. Let me just interrupt you and I apologize, but doesn't McNeil and the other cases in Nevada hold that lifetime supervision is punishment? Yes, Your Honor, that is correct. It is a category B felony with one to six years in prison and a fine up to Well, whether you violate or not, when you were sentenced to lifetime supervision, you are being punished. Isn't that what the Nevada cases have held? Well, to some extent, it is punitive. However, in this case, the petitioner is not disadvantaged because he was on notice that he could be sentenced to lifetime supervision. Well, let me interrupt again. I apologize. Is there any authority for your board to create conditions when he's released when no condition existed under statute when he was sentenced meets the requirements of due process? The authority that I would have, Your Honor, is in the Johnson's case where the United States Supreme Court said that a law is unconstitutionally vague if it does not provide notice to ordinary people of what conduct is punishable or it's so standardless that it arbitrary enforcement. In this matter with the petitioner, when he looked inside his guilty plea agreement, he was aware that lifetime supervision could be opposed upon him. Let me interrupt you then. Doesn't McNeil hold that under Nevada law anyway? The parole board does not have that authority to impose any conditions that aren't set forth in the statute. Your Honor, McNeil clarified that as far as creating conditions, that that was the job for the Nevada legislator. However, the parole board could impose those conditions as well as have this program of lifetime supervision. So it was never a question about could conditions be imposed. It was always about who could create those conditions. And McNeil, the Nevada Supreme Court merely clarified that. Okay, well, when this defendant was sentenced, there were no conditions under statute that the parole board was authorized to impose then, were there? Other than the $30 fee? Well, Your Honor, there were not conditions listed in the statute at the time. However, Nevada revised statute 213.1243 laid out that the Nevada legislator was having the parole board to implement a program where they would provide conditions and instruct the parolees on those conditions as well as have a supervision fee. And the statute also references three other statutes that go into detail about the parole board having the program, providing the conditions, letting the parole board know should they violate the conditions, and providing due process once the petitioner violates the conditions as well as imposing a penalty upon violation. Your opposing counsel referenced the Pascal case. Is that a different case than what we have here? Well, Your Honor, the cases are different because the cases that opposing counsel they're referencing, all those cases pertain to the underlying sentence or some type of residual cause or some type of punishment that affects the underlying punishment. This differs in that when you're dealing with lifetime supervision, you're speaking of a new offense that takes place once the petitioner is released and after they receive notice of the conditions. As a technical question, could there be lifetime supervision with just the $30 condition? It could be because it would be conditions that were already enumerated in the statute. And at the time when he committed the offense in 2002, it did list that there would be supervision, that there would also be a supervision fee associated with that. So as far as with the conditions about the residency requirement and the electronic monitoring along with the fees, those all encompass what is supervision for an indefinite period of time. Is there any other conditions that are just inherent with being under lifetime supervision? Like, does he have to meet with a probation officer on a weekly or quarterly basis or things of that nature? Well, Your Honor, yes, it would entail not only the fee and the residency requirement, but also reporting to a parole officer during whatever period that's entailed and making sure that he's complying with the requirements. But yes, that is all encompassed with lifetime supervision. If we were to agree with opposing counsel's view of the ex post facto claim that the two conditions that were enacted in 2006 or 2007, which I think it's the residency and electronic monitoring, and that was an ex post facto violation, what do you think is the remedy in that case? The remedy would still be that he is still entitled to be supervised under lifetime supervision. Now, at the time when the petitioner committed the offense, the parole board had the authority to implement a program to provide conditions and provide instructions as to those conditions. The only difference is that with McNeil, they stated that who could create those conditions and that the parole board cannot impose additional conditions to what was already implemented in the statute. So even if we say arguably, okay, there was no residency requirement, there was no electronic monitoring, the truth remains that the parole board could have previously imposed those conditions. But McNeil has now clarified that only the legislator could impose those conditions. So to say that he's disadvantaged by those two specific requirements is merely speculative. Well, let me ask you this. Under a Nevada law, after McNeil, was there ever a time when the defendant could have been subjected to conditions of supervised release that were not enumerated in the statute? I'm sorry, Your Honor, could you please repeat the question? Under Nevada law, after McNeil, was there ever a time when Munoz could have been subjected to conditions not enumerated under statute? No, Your Honor. And I think with McNeil... So if no conditions of release were enumerated in the statute when Munoz was sentenced, why isn't it an imposition of any condition of supervision imposed on him a violation of the ex post facto clause? I'm sorry, Your Honor, could you repeat that last question? If no conditions of release were enumerated in the statute when Munoz was sentenced, why is the imposition or why isn't the imposition of the condition of supervision imposed on him a violation of the ex post facto clause? Well, Your Honor, it's not a violation of the ex post facto clause because we're looking at the procedural aspect. This isn't substantive, this is procedural as far as the implementation of a program. And also, the petitioner is not disadvantaged. At the time he committed the offense, it was always a crime to violate the terms and conditions of lifetime supervision. Okay, well, we're not talking about the results of imposed on him when he was sentenced. And when he was sentenced, there were no conditions set forth in the Nevada statute. Isn't that true? Well, Your Honor, the statute in question, Nevada Revised Statute 213.1243, references three statutes that pertain to supervision, the parole board's duties in terms of the supervision and the instructions as well as the implementation of the supervision. I think we're going in circles. Doesn't McNeil say the parole board does not have the authority to create conditions that aren't in the statute? They are not allowed to create additional conditions that are not enumerated in the statute. And McNeil is retroactive, right? Yes, Your Honor. Okay, thank you. I see your time is almost up and I want to just make sure that my colleagues have any more questions. Thank you very much and we'll hear two minutes of questions. Thank you, Your Honor. Thank you, Your Honor. Just a couple of quick points here. So there was a lot of discussion about whether the state can or cannot do anything as far as imposing conditions on lifetime supervision that aren't in the statute. And the answer to that is clearly no, they cannot. So this discussion about if there is a fee paid, what can the parole board do? What can they enforce? The answer is nothing. There's nothing they could do to Mr. Munoz because there's nothing that was contained in the statute at the time of his offense. What about the argument that meeting with the probation officer, wouldn't that be inherent with being under lifetime supervision? Your Honor, again, presumably the requirement to meet would be a condition and the statute doesn't list meeting with the probation officer as a condition. So arguably under McNeil, that would be unenforceable by the state. And the state references these three other parole board statutes that are cross-referenced and claims that they create conditions. They don't. If you look at those statutes, none of them are substantive. They talk about what the requirements of taking notes and writing down what happens and providing a list of conditions. Those are not themselves conditions. When he pled guilty, excuse me, he made the Alford plea and he agreed to be subject to a lifetime supervision commencing after the period of the term of imprisonment, why didn't he agree to be subject to the conditions that may be lawfully imposed? In other words, those that the legislature may enact. He agreed to be subject to the conditions that were lawfully enacted at the time, Your Honor, and there were none at the time. So applying McNeil and the fee, that could be imposed upon him. And I think, you know, Peori lays that point out well, right? There's just, the Nevada Supreme Court has said you can't impose conditions not in the statute. The state admits McNeil applies to him. So there just aren't any conditions left that could be imposed upon him. So- Can I ask, through habeas, can we strike conditions that were, if we agreed with you that they were ex post facto? Well, yes, Your Honor, you can, because it is a constitutional violation that has been raised. It was timely raised. There's no challenge on appeal, you know, as far as any cognizability or anything that the district court found. But usually isn't the remedy of habeas like either release from the sentence? So this, we wouldn't be releasing Mr. Munoz from the sentence. We would just be striking some conditions from his sentence. And Your Honor, again, I think our position is that where there are no conditions that can be enforced, the payment of a fee for the purpose of implementing lifetime supervision is a moot point. There is simply nothing left for the parole and probation board to enforce. Therefore, it's just a moot sentence. And so for those reasons, we do think you can strike it. The district court below found the issue cognizable. The state has not challenged that on appeal. So we do believe you can grant relief. And for the reasons articulated in our briefing and today, we would ask the court to do so. Thank you so much. I just have a follow-up. We talked earlier that you have two theories here. One, that the statute is vague and therefore unconstitutional. And two, that the conditions that are imposed violate the ex post facto. My question is, and this is a follow-up on Judge Bumaday's question, wouldn't this be a proper vehicle to be challenged under a Section 1983 action as opposed to habeas? Since the result of the conditions argument won't result, won't be that he is released from lifetime supervision. Well, again, our position is that striking all conditions except possibly a fee moots the sentence. No, no. Let me interrupt you. I apologize. You've got two arguments. One is that it's vague and therefore unconstitutional and it should be thrown out. And two, that the clause. I'm only asking about the conditions. Your conditions argument, wouldn't that be a better bride in a 1983 action as opposed to a habeas action since that will not result if we give relief only on that part of the argument. That won't result in the lifetime supervision going away. And I apologize, Your Honor. I'm trying my best to answer that question. So our position under ex post facto is that there are no more conditions left to be enforced. It is lifetime supervision a moot point. Charging him a fee to enforce nothing, there's no purpose to doing that. And so essentially it renders his supervision moot. And as to the issue of cognizability, the district court found it was cognizable, even the ex post facto argument. The state has not challenged that on appeal. And so to the extent that this court is inclined to resolve this case on the cognizability issue, we would ask for supplemental briefing on that because that issue has not been briefed before this court. So we would just ask if you're inclined to do so, please give us the opportunity to brief you. Okay. Okay. Thank you, Your Honor. Thank you very much. And the case is submitted. We greatly appreciate the arguments and briefing of both counsel.
judges: Bress, Bumatay, Rayes